IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 22-cv-00830-NYW-NRN

JEFFREY T. MAEHR,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, and
UNITED STATES OF AMERICA,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge N. Reid Neureiter. [Doc. 19]. Judge Neureiter recommends that the United States's Motion to Dismiss Plaintiff's Complaint (or "Motion"), [Doc. 12], be granted and that Plaintiff Jeffrey T. Maehr's ("Mr. Maehr" or "Plaintiff") Complaint, [Doc. 1], be dismissed. [Doc. 19 at 14]. For the reasons below, the Court respectfully **ADOPTS** the Recommendation, which is incorporated into this Order by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

**LEGAL STANDARDS**

**I.    Review of a Magistrate Judge's Recommendation**

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews de novo any part of the magistrate judge's recommendation that is properly objected to. An objection is proper only if it is sufficiently specific "to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

"In the absence of a timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

In addition, the Court affords Plaintiff's filings liberal construction because he proceeds pro se. *See Haines v. Kerner,* 404 U.S. 519, 520–21 (1972). Liberal construction "means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff's pro se status, however, does not excuse him from complying with the substantive law and procedural rules that govern all civil actions filed in this District. *See Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.2 (10th Cir. 2008). The Court plays a neutral role in the litigation process and cannot assume the role of an advocate for the pro se party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998).

## II. Dismissal Under Federal Rule of Civil Procedure 12(b)(1)

Federal courts are ones of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal Rule of Civil Procedure 12(b)(1) provides that a complaint may be dismissed for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Dismissal under Rule 12(b)(1) is not a judgment on the merits of the plaintiff's claim. Instead, it is a determination that the court lacks authority to adjudicate the matter." *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n, Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of

the proceedings in which it becomes apparent that jurisdiction is lacking." *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019).

### III. Dismissal Under Federal Rule of Civil Procedure 12(b)(6)

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). The complaint must allege a "plausible" right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

## BACKGROUND

The factual allegations in the Complaint, [Doc. 1], are summarized in the Recommendation and accepted as true for present purposes. The Court restates that summary below.

Mr. Maehr has an extensive history litigating against the IRS, with this case being the latest in a series of no fewer than 17 cases brought by Mr. Maehr that arise out of the IRS's allegedly "frivolous, erroneous, and arbitrary tax assessment and garnishment" for the tax years 2003–06. *See* [Doc. 1 at 6 (footnotes omitted)]. Mr. Maehr's antagonism toward the IRS arises from tax assessments levied against him over the 2003–06 tax years. *See generally* [*id.*]. Mr. Maehr says that the IRS alleges he made over $1,000,000 during that time when, in fact, his total life's wages since 1969 are only approximately $250,000. *See* [*id.* at 19–20].

Most recently, Mr. Maehr filed Freedom of Information Act ("FOIA") requests seeking from the IRS the underlying, pre-assessment documentation or proof on which the IRS based the

3

disputed 2003–06 assessments. [*Id.* at 10]. Those FOIA requests, which ended in litigation, concluded with the IRS attesting that it had done a thorough search and had not been able to locate additional documents that would have supported the 2003–06 assessments about which Mr. Maehr continues to complain. [*Id.* at 10–11]. Mr. Maehr's FOIA case was ultimately dismissed with prejudice on summary judgment after the IRS submitted affidavits attesting to the thoroughness of its searches, despite the fact that the searches apparently discovered few new documents. *See Maehr v. IRS*, No. 19-cv-03464-PAB-NRN, 2021 WL 2633391 (D. Colo. June 25, 2021) (accepting recommendation that motion for summary judgment should be granted). The claimed lack of any supporting evidence to justify the 2003–06 tax assessments has been an ongoing source of frustration for Mr. Maehr. *See* [Doc. 1 at 19 ("Plaintiff has been in at least 17 initial suits against Defendant over the last 10 plus years requesting proof of debt, proof of liability and proof of taxable income that Plaintiff allegedly received from any taxable event creating a liability for said assessment and garnishment, yet without any valid documentation or rebuttal other than 'we say so.'")].

In addition to the FOIA lawsuit, Mr. Maehr previously had challenged the IRS's certification to the United States Department of State ("State Department") of Mr. Maehr's delinquent tax debt. [*Id.* at 16–18]. As a result of the IRS's certification, Mr. Maehr's United States passport had been revoked by the State Department. *See* [*id.* at 6, 8, 18]. The passport revocation prompted another suit, with the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") ultimately affirming the revocation based on Mr. Maehr's delinquent tax debt. *See Maehr v. United States Dep't of State*, 5 F.4th 1100 (10th Cir. 2021) (holding that restricting international travel of taxpayer who was seriously delinquent in paying his taxes by revoking his passport was rationally based on legitimate government interest), *cert. denied*, 142 S. Ct. 1123

(2022). But, as alleged in the instant Complaint, on the day of the United States Supreme Court's conference on Mr. Maehr's petition for certiorari on the passport question, the IRS reversed its certification to the State Department. [Doc. 1 at 16–17]. This reversal, according to Mr. Maehr, means that, in theory, his passport should be returned to him. *See* [*id.* at 21]. Despite his repeated inquiries, however, Mr. Maehr alleges that he has not received any response from the State Department regarding the status of his passport, raising the question "whether he will EVER receive his passport [back]." [*Id.*].

In light of the alleged lack of any substantive evidence produced in the FOIA case by the IRS to support the 2003–06 assessments, Mr. Maehr now brings this lawsuit, appearing to again challenge the disputed 2003–06 assessments and seeking additional relief and compensation related to the allegedly erroneous assessments. *See* [*id*. at 12 ("The Defendant has NO lawful or constitutional basis for the arbitrary manufacturing of records and the subsequent assessment and garnishment of any American without having the burden of proving said assessment, especially when challenged.")]. As relief, he seeks, *inter alia*, the following:

- an order that the IRS "remove Plaintiff's social security garnishment order and Notice of Levy with the Social Security Administration";
- the return of all monies garnished from Plaintiff's social security funds from the beginning until the last garnishment of record;
- reimbursement for court filing/service costs, and reasonable costs for the time needed for preparation of the suit;
- an order removing "the Tax Lien/Notice of Levy from the Archuleta County, Colorado Recorder's Office records";
- an order removing any "Tax Lien/Notice of Levy from all credit reporting agencies";

- an order reinstating Plaintiff's United States passport;

- compensatory damages for the allegedly frivolous and malicious tax assessments, as well as punitive damages;

- an award of the "initial amount of th[e] frivolous and apparently malicious assessment" in the amount of $309,000;

- a sanction against the United States in the amount of $42,000 for "failure to maintain records as required by law" and "because Defendant knowingly and persistently defended this unprovable assessment and garnishment for many years"; and

- an order that a grand jury be summoned to investigate the IRS's "questionable and possibly illegal activities."

[*Id.* at 22–23].  Mr. Maehr also appears to seek a declaration that he has provided "ample evidence . . . of his impoverished financial condition" under 26 U.S.C. § 6342(a)(1)(D), and that the debt is uncollectable.  [*Id.* at 23].  He asserts that the assessment was made many years ago, and the IRS, despite the ongoing garnishment, will never satisfy the debt in Mr. Maehr's lifetime, continuing to impoverish him for the rest of his life.  [*Id.*].  In addition, Mr. Maehr asks for an order that there be an assessment adjustment record provided to the Social Security Administration, along with properly calculated wages for Mr. Maehr.  [*Id.*].

On June 6, 2022, the United States[1] moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), primarily on claim preclusion and statutory jurisdictional grounds.  *See generally* [Doc. 12].  The Motion was referred to Judge Neureiter for a Recommendation.  [Doc. 13].  After full briefing and a hearing on the Motion, *see* [Doc. 15; Doc. 17; Doc. 18], on November 8, 2022, Judge Neureiter recommended that the Motion to

---

[1] The Court refers to Defendants collectively as the United States.

Dismiss be granted and that Mr. Maehr's Complaint be dismissed. [Doc. 19 at 14]. On November 17, 2022, Mr. Maehr filed a Notice of Objection to Recommendation ("Objection"), [Doc. 20], along with a separate document titled "Notice of Bias and Prejudice and Fraud on the Court Against Plaintiff and Issues" ("Notice of Bias"), [Doc. 21]. The United States responded to the Objection and Notice of Bias on December 1, 2022. [Doc. 22; Doc. 23]. The next day, Mr. Maehr filed a document titled "Defendant's Response Proves Plaintiff's Argument of Bias and False Arguments" in reply to Defendant's responses. [Doc. 24].[2]

## ANALYSIS

In the Recommendation, Judge Neureiter concludes that Mr. Maehr's effort to again challenge the 2003–06 tax assessments, based on the IRS's apparent inability to locate any underlying documentation, must fail on both jurisdictional and claim preclusion grounds. [Doc. 19 at 10]. Judge Neureiter observes that the assessments have already once been challenged in Tax Court, with the Tax Court's determination thereafter upheld by the Tenth Circuit, and therefore this Court lacks jurisdiction to consider any further challenge to the tax assessments pursuant to 26 U.S.C. § 6512(a). [*Id.*]. Even in the absence of the statute limiting the Court's jurisdiction and ability to consider further challenges to the assessment, the Recommendation continues, the doctrine of claim preclusion bars Mr. Maehr's claim to the extent the relief he seeks would implicate the validity of (a) the assessment for the tax years 2003–06 or (b) prior garnishments of federal benefits to which he would otherwise have been entitled. [*Id.* at 10–11]. In addition, Judge Neureiter finds that, with respect to Mr. Maehr's passport, he has received all

---

[2] On December 9, 2022 and January 3, 2023, Mr. Maehr filed documents titled "Plaintiff's Addendum for Appeal Purposes" and "Notice of Constitutional Law for Appeal Purposes, respectively, [Doc. 25; Doc. 26], the substance of which are not relevant to the resolution of the Recommendation and Motion to Dismiss.

7

the relief he is entitled to *from the IRS* and, therefore, any claims for retrospective relief regarding his passport must be dismissed. [*Id.* at 11–12]. Further, as to Mr. Maehr's requests for (1) an order to remove the Social Security garnishment order and Notice of Levy with the Social Security Administration and (2) an order to remove the Tax Lien/Notice of Levy filed in the Clerk and Recorder's Office for Archuleta County, Colorado, *see* [Doc. 1 at 22], the Recommendation states that there is no statutory or legal basis for granting such relief. *See* [Doc. 19 at 12–14].

In his Objection, Mr. Maehr assigns error in the Recommendation on numerous grounds. *See* [Doc. 20 at 2–3]. Significantly, however, he does not acknowledge or refute the bases for Judge Neureiter's Recommendation—namely, jurisdictional and claim preclusion grounds; that Plaintiff has received all relief from the IRS with respect to his passport; and the lack of any statutory or legal bases for relief with respect to Plaintiff's requests for an order to remove (1) the Social Security garnishment order and Notice of Levy with the Social Security Administration and (2) the Tax Lien/Notice of Levy filed in the Clerk and Recorder's Office for Archuleta County, Colorado. Instead, all of Mr. Maehr's objections relate to the Tax Court's decision and his belief that the Tax Court failed to consider the relevant facts and evidence and deprived him of due process. *See* [*id.* at 2 (arguing, for instance, that (1) the findings and conclusions made in his past cases challenging the tax assessments were not based on "Plaintiff's evidence as presented," but instead based on "hearsay, veiled and [an] unrelated Tax Court proceeding"; (2) he has been denied due process "on adjudication of all the actual evidence of record"; and (3) the Recommendation "did NOT address the issues raised in this instant case such as lacking proof of debt, the wrongful assessment itself, and the liability for said assessment, among other issues")]; *see also* [*id.* at 3 ("Plaintiff states unequivocally that he has been denied due process on multiple levels and herein

holds the courts to due process and the constitution which all judges took an oath to uphold, and to reconsider recommendation to dismiss Plaintiff's case for this clear and lawful cause.")].

None of Mr. Maehr's arguments are proper bases for objection. To be sure, in his Objection, Mr. Maehr asks this Court, once again, to address the tax assessments that he has *already* challenged in Tax Court, the decision of which the Tenth Circuit has *already* upheld. *See Maehr v. C.I.R.*, 480 F. App'x 921 (10th Cir. 2012) ("*C.I.R.*").[3] However, because Mr. Maehr has already challenged the assessments in Tax Court, he is barred from challenging those same assessments here. [Doc. 19 at 7–8]. In other words, this Court cannot address the merits of Mr. Maehr's arguments challenging the assessments because—as Judge Neureiter correctly explained in the Recommendation—this Court does not have subject matter jurisdiction over his claims. As the Supreme Court has explained, "a federal court [must] satisfy itself of its subject-matter jurisdiction *before* it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999) (emphasis added). And because Judge Neureiter found no subject matter jurisdiction in this case, "it was proper for him to decline to reach the merits of [P]laintiff's arguments." *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 4164872, at *3 (D. Colo. Sept. 3, 2019) ("*Maehr 2018*").

Indeed, Mr. Maehr has repeatedly sought to challenge the sufficiency of the evidence in judgement rendered in his other cases to no avail. *See, e.g.*, [Doc. 19 at 2 n.2]. As Chief Judge Philip A. Brimmer previously explained, such attempt is an improper ground on which to base an objection to the instant Recommendation because Plaintiff's arguments "should have been made

---

[3] *See also Maehr v. United States*, 137 Fed. Cl. 805, 814 (Fed. Cl. 2018) (noting that Mr. Maehr's initial decision to file his tax challenge in the Tax Court placed such claims exclusively within the Tax Court's jurisdiction); *Maehr v. United States*, No. 18-cv-02273-PAB-NRN, 2019 WL 4164872, at *2 (D. Colo. Sept. 3, 2019) (dismissing case based on 26 U.S.C. § 6512(a)).

to the Tax Court or on appeal of that court's decision." *Maehr 2018*, 2019 WL 4164872, at *2 (rejecting Mr. Maehr's argument that "there [was] no indication that any of the evidence he submitted in his past cases challenging the tax assessments was 'actually adjudicated' and there was no evidence presented that he actually owed a debt"), *aff'd,* 822 F. App'x 780 (10th Cir. 2020); *see also C.I.R.*, 480 F. App'x at 923 (stating that Mr. Maehr's "petition raises no genuine challenge to the notices of deficiency because [his] arguments have been repeatedly rejected by this court").

Similarly, Mr. Maehr's assertions regarding the denial of due process also lack merit for the same reasons that Judge Brimmer noted in his 2019 Order adopting a recommendation that Plaintiff's complaint be dismissed. *See Maehr 2018*, 2019 WL 4164872, at *2 (noting that Plaintiff's argument that he was denied due process was "conclusory, insufficiently specific, and point[ed] to no clear error on the face of the record," Plaintiff provided no basis to find that the court judgments are void, and he did not claim that the prior courts lacked subject matter jurisdiction or that he was not afforded adequate notice in those cases).

In addition, Mr. Maehr objects to the instant Recommendation on the basis that it did not discuss convening a grand jury "to address the myriad of serious administrative and liability issues . . . , and the complete lack of evidence to support Defendant's assessment, and even clear evidence suggesting a fraudulent assessment." [Doc. 20 at 3]. This argument is also groundless, and Mr. Maehr fails to cite any authority that permits civil plaintiffs or courts in civil cases to empanel grand juries to investigate alleged criminal acts. *See* [*id.*]; *see also Maehr v. United States*, 822 F. App'x 780, 783 (10th Cir. 2020) (affirming the district court's denial of Mr. Maehr's motion to empanel a grand jury and noting that Plaintiff failed to identify any authority addressing grand juries or the process for empaneling them).

Mr. Maehr also objects to the Recommendation insofar as it characterizes his lawsuits following the Tax Court's judgment as "collateral attacks." [Doc. 20 at 3 ("No evidence is of record to make any claims that Plaintiff's case and motion are 'collateral attacks' . . . on already adjudicated evidence.")]. However, a "collateral attack" is defined as "[a]n attack on a judgment in a proceeding *other than a direct appeal*." *Wall v. Kholi*, 562 U.S. 545, 552 (2011) (citing Black's Law Dictionary (9th ed. 2009)). Thus, not only is Mr. Maehr's objection to the term "collateral attack" unfounded, but his repeated lawsuits seeking to challenge the sufficiency of the Tax Court's prior judgment in this Court are, indeed, properly characterized as such. *See Springer v. Shern*, No. 11-cv-369-GKF-PJC, 2011 WL 2971172, at *3 (N.D. Okla. July 20, 2011) ("In the tax context, a final decision of the Tax Court is *res judicata* as to the tax liability determined by that court, and is not subject to collateral attack in a later proceeding."); *see also C.I.R.*, 480 F. App'x at 923 (stating that Mr. Maehr's "petition raises no genuine challenge to the notices of deficiency because [his] arguments have been repeatedly rejected by this court").[4]

Finally, Mr. Maehr asserts that he has been denied his Seventh Amendment right to a jury trial. [Doc. 20 at 2]. Again, this objection is not well founded. First, Mr. Maehr's Complaint does not clearly articulate a separate cause of action or theory of a violation of his Seventh Amendment right to a jury trial. *See generally* [Doc. 1]. Second, to the extent that Mr. Maehr is alleging that Judge Neureiter's Recommendation violates his Seventh Amendment right to a jury trial, and thus, must be rejected, this Court respectfully disagrees. Even in liberally construing Mr. Maehr's filings as it must, *see Haines*, 404 U.S. at 520–21, the Court cannot discern a factual basis for a

---

[4] In light of this clarification regarding the meaning of the term "collateral attack," the Court also rejects Plaintiff's additional objection on the basis that "[t]he so-called 'failed Tax Court challenge' . . . "did not address any aspect of this challenge and no such evidence has been addressed by either the Defendant or the courts." [Doc. 20 at 3].

Seventh Amendment right to a jury trial violation other than Mr. Maehr's argument that his right has been violated by prior dismissals of his various actions, or Judge Neureiter's Recommendation that this instant action be dismissed. *See* [Doc. 20 at 2 ("Plaintiff's 7th Amendment right to a jury trial for any financial controversy over $20 has been routinely denied." (footnote omitted))]. It is well established that "[t]he Seventh Amendment is not violated by proper dismissal of claims, because such a ruling means that no triable issue exists to be submitted to a jury." *Barron v. Pohlman*, 122 F. App'x 416, 418 n.1 (10th Cir. 2005); *see also Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) ("The Seventh Amendment is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury."). Because Mr. Maehr has not shown the dismissals of his prior actions were improper, or that Judge Neureiter incorrectly determined dismissal of this action is appropriate, Plaintiff has failed to state a cognizable Seventh Amendment violation or a valid basis for overruling the Recommendation. *Cf. Bruce v. P. Specialty Ins. Co.*, 755 F. App'x 731, 734 (10th Cir. 2018) ("Because Plaintiff has not shown the entry of summary judgment was improper, he has not established a violation of his constitutional rights based on the entry of summary judgment.").[5]

---

[5] In the Notice of Bias, Mr. Maehr alleges that there is evidence showing that "Defendant has maliciously created the assessment against him due to the ongoing challenges of Defendant's own administrative activities, and without any evidence or support of assessment, and is in the process of excuses in way of distractions, court and procedural form facades, semantics and collusion to avoid being held accountable to standing law and due process." [Doc. 21 at 2 (footnote omitted)]. Mr. Maehr then lists the items or information he believes constitutes evidence of bias and fraud, including, *inter alia*, "all previous filings and responses in all past court cases," [*id.* at 9]. To the extent Mr. Maehr intends for the Notice of Bias to constitute part of his Objection to the Recommendation, the Court finds that Mr. Maehr's arguments—which primarily seek to collaterally attack prior courts' decisions, *see* [*id.* at 2–9]—again do not acknowledge or refute the bases for dismissal in the Recommendation.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Notice of Objection to Recommendation [Doc. 20] is **OVERRULED**;

(2) The Recommendation of United States Magistrate Judge N. Reid Neureiter [Doc. 19] is **ADOPTED**;

(3) The United States's Motion to Dismiss Plaintiff's Complaint [Doc. 12] is **GRANTED**; and

(4) Plaintiff's Complaint [Doc. 1] is **DISMISSED with prejudice**.[6]

DATED: January 11, 2023

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[6] Although "[j]urisdictional dismissals ordinarily should be entered *without* prejudice," *Barnes v. United States*, 776 F.3d 1134, 1151 (10th Cir. 2015), dismissal with prejudice is appropriate when "it is patently obvious that [a plaintiff] cannot proceed with [his] claims, and any further opportunity to amend would be futile because [his] claims would still be barred." *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190–91 (10th Cir. 2014); *accord Blackburn v. United States*, 20-8005, 2021 WL 3027979, at *7–8 (10th Cir. July 19, 2021); *see also Nordlie v. C.I.R.*, No. C09-5037-RBL, 2009 WL 1766515, at *3–5 (W.D. Wash. June 19, 2009) (finding that the plaintiffs' previous claim in Tax Court precluded them from bring their current claim in district court under 26 U.S.C. § 6512(a), and the plaintiffs' claim was also barred by res judicata, and dismissing plaintiffs' action in its entirety with prejudice).